

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:21-00607-MGL |
| | § | |
| ROBIN SMITH, ANNE NESMITH, KARIN STERLING, and MARIE GRACE STERLING, | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT ROBIN SMITH'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Plaintiff Nationwide General Insurance Company (Nationwide) brought this declaratory judgment action against Defendants Robin Smith (Robin), Anne Nesmith (Anne), Karin Sterling (Karin), and Marie Grace Sterling (Marie), seeking an order from the Court declaring it has neither a duty to defend nor a duty to indemnify Anne, Karin, and Marie for the claims and damages asserted by Robin in an underlying state-court negligence lawsuit.  The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a).

Pending before the Court is Robin's motion to dismiss that asks the Court to abstain from exercising jurisdiction over Nationwide's declaratory judgment action.  Having carefully considered Robin's motion, the response, the record, and the applicable law, it is the judgment of the Court Robin's motion will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

This case involves the interpretation of a homeowner's insurance policy (the policy) issued by Nationwide to Anne and Karin, specifically concerning whether the policy provides coverage for a dog bite incident. Robin allegedly sustained injuries when she was attacked by two dogs at Anne's home. Anne's granddaughter, Marie, who was living with Anne at the time of the alleged dog bite incident, owned the two dogs. The policy excludes coverage for bodily injury arising out of injuries sustained by certain breeds of dogs.

Robin filed a personal injury lawsuit in the Lexington County Court of Common Pleas against Anne, Karin, and Marie for the injuries she allegedly sustained at Anne's residence. Nationwide then filed this declaratory judgment action seeking an order from the Court declaring it has neither a duty to defend nor a duty to indemnify Anne, Karin, and Marie for the claims and damages Robin asserted in the state-court negligence lawsuit. Robin subsequently filed the instant motion to dismiss, and Nationwide responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III. STANDARD OF REVIEW

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282. As is relevant to Robin's motion before the Court, in the context of a declaratory judgment action, the Supreme Court concluded in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942), and later in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing court case.

Nevertheless, "[i]t is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capital Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998). "The declaratory judgment action is designed to allay exactly the sort of uncertainty that flows from the threat that ambiguous contractual rights may be asserted." *Id.*

### IV.    DISCUSSION AND ANALYSIS

Prior to addressing the parties' arguments, the Court will provide a brief primer on the analysis it must undertake when determining whether to entertain and exercise its discretion over a declaratory judgment action.

A court should generally entertain jurisdiction over a declaratory judgment claim "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (*Quarles* factors) (internal citation omitted).

When a related proceeding is pending in state court, as is the case currently before the Court, in addition to the *Quarles* factors, the decision of a district court over whether to exercise jurisdiction over a declaratory judgment action should be governed by considerations of "federalism, efficiency, and comity." *Penn-Am Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal citation omitted). Courts often look to four factors when making this determination:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [] (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law" [; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing"—that is, "to provide another forum in a race for res judicata" or "to achiev[e] a federal hearing in a case otherwise not removable."

*Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (*Nautilus* factors), *receded from by Centennial Life Ins. Co. v. Poston*, 88 F.3d 255 (1996) (internal citations omitted). As noted by the Fourth Circuit, "a district court should not treat the [*Nautilus*] factors as a mechanical checklist, but rather should apply them flexibly in light of the particular circumstances of each case." *VRCompliance LLC v. HomeAway, Inc.*, 715 F.3d 570, 573 (4th Cir. 2013) (internal quotation omitted).

### A. Whether the Quarles *factors weigh in favor of entertaining the declaratory judgment action*

There is no dispute as to whether the *Quarles* factors weigh in favor of entertaining the declaratory judgment action. Specifically, this action will provide relief by clarifying the uncertainty of whether coverage exists under the policy for the claims alleged against Anne, Karin,

and Marie in the state-court negligence action. Thus, the Court concludes the *Quarles* factors weigh in favor of entertaining this declaratory judgment action.

### B.     *Whether the* **Nautilus** *factors weigh in favor of exercising jurisdiction*

Robin argues this Court should exercise its discretion and decline to hear this matter based on an analysis and application of the four *Nautilus* factors. Nationwide, on the other hand, posits the four *Nautilus* factors favor maintaining the action in federal court.

#### 1.     *Whether South Carolina has a strong interest in having the issue raised in the declaratory judgment action decided in its state court*

Robin posits South Carolina "has an important state interest in determining the scope, interpretation, and legality of the insurance policy in this case." Mot. at 4. In particular, Robin avers South Carolina courts have an interest in adjudicating and deciding insurance issues under South Carolina law.

Nationwide, conversely, contends "[t]his District has already enforced a similar [dog bite] exclusion, and the declaratory issues in this case do not raise any difficult, complex, or unsettled question of [s]tate law." Resp. in Opp'n at 7 (emphasis modified).

When a "federal court possesses discretionary power to abstain from deciding state-law questions otherwise properly within its jurisdiction, that discretion may be exercised only when the questions of state law involved are difficult, complex, or unsettled." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006).

Here, the core issue in this case requires applying settled South Carolina principles of contract law to particular facts, and there are no "questions of state law involved [that] are difficult, complex, or unsettled." *Id.* The Court is unable to say it will be breaking new ground of deciding "novel issues of state interest[,]" *United Capital Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir.

1998), in adjudicating this matter. Consequently, the Court concludes the first *Nautilus* factor fails to weigh in favor of abstention.

### 2. Whether the issue raised in the declaratory judgment action can more efficiently be resolved in the court where the state action is pending

Robin avers "[t]he state court has the ability to resolve the issue [presented in this declaratory judgment action] more efficiently than the federal court" because "[m]any of the issues relevant in this federal action are at issue in the state court action." Mot. at 5. Nationwide, to the contrary, asserts the declaratory judgment action "is wholly distinct from the underling [s]tate-court tort lawsuit." Resp. in Opp'n at 10.

"In evaluating . . . efficiency concerns, the Supreme Court has directed [federal courts] to focus primarily on 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding[s]' that are already 'pending in the state court[s].'" *Nautilus*, 15 F.3d at 378 (quoting *Brillhart*, 316 U.S. at 495). "This in turn requires careful inquiry into 'the scope of the pending state court proceeding[s],' including such matters as 'whether the claims of all parties in interest [to the federal proceeding] can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding.'" *Id.* at 379–80 (quoting *Brillhart*, 316 U.S. at 495).

Here, this declaratory judgment action involves applying settled South Carolina principles of contract law to particular facts. The coverage issue in this declaratory judgment action is absent in the pending state court action, which involves the wholly separate question of whether Anne, Karin, and Marie are liable in tort to Robin as to the dog-bite incident. Furthermore, Nationwide, whose policy is implicated in this dispute, is not a party to the state court-action.

Consequently, because the issue before this Court is separate and distinct from the issue in the pending state-court action, and the parties in the declaratory judgment matter are different from the ones in the state court action, it is unpersuasive to suggest a state court could resolve the issue raised in the declaratory judgment action more efficiently than this Court.  Accordingly, the Court concludes the second *Nautilus* factor fails to direct the Court to exercise its discretion to abstain.

### 3. *Whether the Court's retention of jurisdiction over this matter will result in unnecessary entanglement with the state court*

According to Robin, this Court's exercise of "jurisdiction over the declaratory judgment action will create the potential for an unnecessary entanglement over questions of fact or law." Mot. at 6.  For example, Robin posits "there are multiple questions of fact being litigated in the state[-]court proceeding[,] including the breed of the dogs, the knowledge of the policy holders[] of the breed of the dogs, and whether any of the [state-court] defendants were negligent, grossly negligent, reckless, or willful and wanton." *Id.*  Nationwide, in response, reiterates its contention the issue in this case is distinct and unique from the issue in the state-court negligence action.

Furthermore, Nationwide posits "it is very unlikely that any party will ultimately dispute the dogs' breeds in this case" as "DNA tests have confirmed that [the dogs] were . . . excluded breeds [in the policy.]" Resp. in Opp'n at 11 n.4 (internal citations omitted).

Here, no entanglement exists.  First, Nationwide is unnamed in the state-court action. Hence, Nationwide's rights or obligations will be unaddressed, and thus unentangled, in that action.  Second, the insurance coverage issue raised in this declaratory judgment will be unaddressed in the state court action.  Put simply, there is nothing to entangle.  Consequently, for these reasons, inasmuch as no entanglement with the state court exists, the Court concludes the

third *Nautilus* factor fails to counsel the Court to exercise its discretion to abstain from hearing this action.

### 4. *Whether the declaratory judgment action is being used merely as a device for procedural fencing*

Robin argues "Nationwide filed this action in an attempt to forum-shop . . . , expecting a friendlier audience in federal court and a forum that would hinder the insureds' ability to participate." Mot. at 6. Nationwide maintains "no factual basis" exists for the accusation it filed this declaratory judgment action seeking a friendlier forum. Resp. in Opp'n at 12.

The Fourth Circuit has defined procedural fencing as occurring when "a party has raced to the federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum[.]" *Great American Ins. Co.*, 468 F.3d at 212. Here, as noted above, the issue raised in this declaratory judgment action, whether Nationwide has a duty to defend and indemnify its insureds, is different than the issue raised in the state-court negligence action.

Thus, this is not a case where Nationwide raced to the federal courthouse to have specific issues regarding the state-court negligence action resolved in a more favorable forum. At bottom, the issue in the declaratory judgment action is distinct from the issue in the underlying tort action, and Nationwide is not a party to the state-court action. Thus, there exists no evidence of procedural fencing or forum shopping by Nationwide, and the Court concludes the fourth *Nautilus* factor fails to weigh in favor of abstention.

### C.     Whether *Trustgard Ins. Co. v. Collins*, 942 F.3d 195 (4th Cir. 2019) counsels this Court to abstain from this action

Robin, in her motion, avers "this case is nearly identical to the declaratory judgment action in *Trustgard* . . . [where the] Fourth Circuit overturned [the district court judge and] held that the case should have been dismissed because it involved an[]underlying state court action."  Mot. at 4.  Consequently, according to Robin, this similarity necessitates the Court dismissing this action.  Nationwide notes the facts of this case are distinguishable from the facts in *Trustgard*.

In *Trustgard*, the Fourth Circuit concluded the district court "created both a substantial question about whether Article III jurisdiction existed and a serious potential to interfere with ongoing state proceedings."  942 F.3d at 204.  As to the Article III jurisdictional question, the Fourth Circuit confined its analysis only duty to indemnify situations, and not duty to defend as is the case here.  *See id.* at 200 ("Thus, suits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains undetermined.").  Consequently, in cases where an insurance company asks whether it has a duty to defend, the Article III jurisdictional issues raised in *Trustgard* are inapplicable.  *See Allstate Vehicle and Prop. Ins. Co. v. Godley*, Case No. 3:20-01300-MGL, 2021 WL 4198420 at *5 (D.S.C. Sept. 14, 2021) (discussing the impact of *Trustgard* on duty to defend cases).

In addressing this nondiscretionary jurisdictional question, the Fourth Circuit in *Trustgard* noted the "overlap with the state-court proceeding is significant" as both "suits involve whether an agency relationship—or some other basis for vicarious liability—exists between [the parties]." 942 F.3d at 203.  Thus, as the Fourth Circuit noted, "[r]esolving [issues of liability by the district judge] in a federal venue might have the unfortunate result of precluding the parties from fully litigating them in state court."  *Id.*

9

Here, as discussed at length in the *Nautilus* factors analysis above, no overlap exists between the issue of the declaratory judgment action in this Court and the issue of liability in state court. This Court, when adjudicating the declaratory judgment action, will not make any factual determinations as to Anne, Karin, or Marie's liability. The Court, in this declaratory judgment action, will apply settled South Carolina principles of contract law to particular facts to determine whether Nationwide has a duty to defend and indemnity Anne, Karin, and Marie. Accordingly, the Fourth Circuit's analysis in *Trustgard* fails to direct the Court to alter its conclusion abstention is unwarranted in this case.

Consequently, after an analysis of the *Quarles* and *Nautilus* factors, the Court declines to abdicate jurisdiction over this declaratory judgment action and will deny Robin's motion to dismiss.

V.     **CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Robin's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of November 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE