**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**
**CASE NUMBER: 3:21-cv-00607-MGL**

| | |
|---|---|
| Nationwide General Insurance Company,<br>                                                  Plaintiff,<br>v.<br><br>Robin Smith; Michael C. Abbott, as Special Administrator for the Estate of Anne Nesmith; Karin Sterling; and Marie Grace Sterling,<br><br>                                                  Defendants. | **AMENDED COMPLAINT**<br>(Declaratory Judgment) |

Plaintiff, Nationwide General Insurance Company, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

## JURISDICTION AND VENUE

1.      The Plaintiff, Nationwide General Insurance Company (hereinafter "Nationwide") is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. Nationwide is licensed and authorized to issue insurance policies in the State of South Carolina.

2.      Upon information and belief, Defendant Robin Smith is a citizen and resident of Lexington County, South Carolina.

3.      Upon information and belief, decedent Anne Nesmith was a citizen and resident of Lexington County, South Carolina at all relevant times. By Order dated April 22, 2022, the Lexington County Probate Court appointed Michael C. Abbott as Special Administrator for the limited purpose of representing Anne Nesmith's Estate in this action.

4.      Upon information and belief, Defendant Karin Sterling is a citizen and resident of Lexington County, South Carolina.

1

5. Upon information and belief, Defendant Marie Grace Sterling is a citizen and resident of Lexington County, South Carolina.

6. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

7. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

8. Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

9. Nationwide issued a policy of Homeowner Policy of insurance to Anne G. Nesmith and Karin Sterling, policy number 61 39 HR 012590, with effective dates of June 28, 2019 to June 28, 2020 (hereinafter the "Policy"). The Policy lists 341 Cape Jasmine Way, Lexington, South Carolina 29073 as the "Residence Premises."

10. The Policy includes Coverage E – Personal Liability coverage with an each occurrence limit of $300,000.

11. The Policy also provides medical payments coverage to others with a limit of $1,000 per person.

12. The Policy provides coverage to persons qualifying as an "insured" for certain risks under the insuring agreement and excludes certain risks through policy exclusions. Nationwide

relies upon and incorporates herein the Policy in its entirety. A certified copy of the Policy is attached hereto as Exhibit A.

13. The Policy provides in pertinent part:

**DEFINITIONS**

**B.** Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations'

\* \* \*

**C.** In addition, certain words or phrases are defined as follows:

\* \* \*

8. "Insured" means:

a. You and residents of your household who are:

**(1)** Your relatives; or

\* \* \*

Under both Sections **I** and **II**, when the word an immediately precedes the word "insured", the words an "insured" together mean one or more "insureds".

\* \* \*

**SECTION II – LIABILITY COVERAGES**

**A. Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages due to an "occurrence" resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

**B. Coverage F – Medical Payments to Others**

We will pay the reasonable and necessary medical and funeral expenses that are "incurred" within three years from the date of an accident causing "bodily

injury". This coverage does not apply to you or regular residents of your household except "residence employees".

As to others, this coverage applies only:

1. To a person on the "insured location" with the permission of an "insured"; or

2. To a person off the "insured location", if the "bodily injury":

    a. Arises out of a condition on the "insured location";

    b. Is caused by the activities of an "insured";

    c. Is caused by a "residence employee" in the course of the "residence employee's" employment by an "insured"; or

    d. Is caused by an animal owned by or in the care of an "insured".

\* \* \*

**SECTION II – EXCLUSIONS**

\* \* \*

E. **Coverage E – Personal Liability And Coverage F – Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

\* \* \*

11. **Dog**

    "Bodily injury" arising out of any of the following animals owned by or in the care, custody or control of an "insured":

    a. The following types of purebred dogs or a mixed breed including one of these types:

        (1) American Staffordshire Terriers, American Pit Bull Terriers, or Staffordshire Bull Terriers, all commonly known as Pit Bulls;

        (2) Doberman Pinschers;

        (3) Rottweilers;

        (4) Chow Chows; or

        (5) Presa Canarios;

    b. Wolf hybrids;

    c. Dogs that have been trained to attack persons, property or other animals; or dogs that have been trained to guard persons or property;

    **d.** Any fighting dog or dog bred for fighting; any dog, used in any manner, as a fighting dog or bred specifically for fighting;

    **e.** Any dog with a prior history of attacking or biting, causing "bodily injury" to person(s) or animal(s), as established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency.

This Exclusion **E.11.** does not apply to the following dogs that are in the care, custody or control of an "insured":

    **a.** Dogs specially trained to assist the handicapped; or

    **b.** Dogs specially trained to assist law enforcement; however, there is no coverage for a dog engaged in law enforcement duties or activities at the time of an "occurrence";

* * *

14. On December 15, 2020, Robin Smith filed a Complaint in the South Carolina Court of Common Pleas, Lexington County captioned: <u>Robin Smith v. Marie Grace Sterling, Anne Nesmith, and Karin Sterling</u>, Civil Action No. 2020-CP-32-04143 (hereinafter the "Underlying Complaint"). A copy of the Underlying Complaint is attached as Exhibit B.

15. The Underlying Complaint alleges that Anne Nesmith and Karin Sterling own and reside in a home located at 341 Cape Jasmine Way, Lexington, South Carolina 29073.

16. The Underlying Complaint alleges that Marie Grace Sterling is Karin Sterling's daughter and Anne Nesmith's granddaughter and resided at 341 Cape Jasmine Way with them on November 28, 2019.

17. The Underlying Complaint alleges that Marie Grace Sterling also kept her two mixed breed dogs, Apollo and Luna, at the home.

18. Upon information and belief, Apollo and Luna are part of the breed mixes "commonly known as Pit Bulls." DNA testing revealed that Apollo and Luna have breeds excluded by the Policy in their mixes, including, but not limited to, American Staffordshire Terrier.

19. According to the Underlying Complaint, Smith arranged to pickup Nesmith for Thanksgiving dinner on November 28, 2019.

20. The Underlying Complaint alleges that when Smith dropped Nesmith off after Thanksgiving dinner and assisted Nesmith to the door, Marie Sterling opened the door, allowing Apollo and Luna to get out of the house.

21. The Underlying Complaint alleges that Apollo and Luna attacked Smith, and Smith was unable to escape.

22. According to the Underlying Complaint, Smith sustained severe bodily injury, permanent scarring, and disfigurement, as well as mental and emotional anguish, humiliation, aggravation, and incurring medical expenses and lost wages.

23. The Underlying Complaint asserts causes of action for negligence and strict liability against Nesmith, Karin Sterling, and Marie Grace Sterling, and seeks actual and punitive damages.

24. Upon information and belief, Defendant Smith has or will make claims for Medical Payments To Others coverage under the Policy for the medical expenses she allegedly suffered as a result of the incident.

25. Upon information and belief, Defendants Nesmith, Karin Sterling, and Marie Grace Sterling have or will make claims for defense and indemnification under the Policy.

## **FOR A FIRST DECLARATION**

26. Nationwide reiterates its allegations above as if set forth fully verbatim below.

27. The Policy excludes from liability and medical payments coverage "bodily injury" arising out of specific breeds of dogs that are owned by or in the care, custody, or control of an "insured."

28. The Policy defines an "insured" to named insureds and their resident relatives.

29. Nesmith and Karin Sterling were "named insureds."

30. At the time of the alleged dog attack, Marie Grace Sterling resided with Karin Sterling and/or Nesmith and was related to Karin Sterling and Nesmith

31. Therefore, Marie Grace Sterling, Karin Sterling, and Nesmith are "insureds" under the Policy.

32. At the time of the alleged dog attack, Apollo and Luna were owned by Marie Grace Sterling.

33. The Underlying Complaint alleges Luna and Apollo were owned by and in the care, custody, and control of Nesmith, Marie Grace Sterling, and Karin Sterling.

34. The breeds excluded under the Policy include purebred dogs or a mixed breed including one of these types: "American Staffordshire Terriers, American Pit Bull Terriers, or Staffordshire Bull Terriers, all commonly known as Pit Bulls."

35. Apollo's DNA test reveals that he had a genetic makeup that includes American Staffordshire Terrier, American Bulldog, and Standard Bulldog, as well as other breed groups.

36. Luna's DNA test reveals she has a genetic makeup that includes American Staffordshire Terrier, as well as other breed groups.

37. Upon information and belief, the Defendants and Lexington County Animal Control identified the dogs as "Pit Bull Mix" or "Pit Bulls."

38. Therefore, Apollo and Luna are mixed breed dogs that include "American Staffordshire Terriers, American Pit Bull Terriers, or Staffordshire Bull Terriers, all commonly known as Pit Bulls."

39. Thus, the Underlying Complaint asserts claims arising out of excluded breeds of dogs that were owned by or in the care, custody, or control of an "insured."

40. Therefore, Nationwide is entitled to a declaration that the Policy does not afford liability coverage to Nesmith, Karin Sterling, or Marie Grace Sterling or medical payments coverage to Robin Smith for the incident described in the Underlying Complaint or any claims arising out of that incident.

**FOR A SECOND DECLARATION**

41. Nationwide reiterates its allegations above as if set forth fully verbatim below.

42. The Policy excludes from liability and medical payments coverage "bodily injury" arising out of certain animals owned by or in the care, custody or control of an "insured."

43. The list of excluded animals in the Policy includes "Any dog with a prior history of attacking or biting, causing 'bodily injury' to person(s) or animal(s), as established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency."

44. Upon information and belief, records from Lexington County Animal Control indicate that Apollo and Luna have a prior history of attacking or biting, causing "bodily injury" to person(s) or animal(s).

45. Thus, the Underlying Complaint asserts claims arising out of excluded animals that were owned by or in the care, custody or control of an "insured."

46. Therefore, Nationwide is entitled to a declaration that the Policy does not afford liability coverage to Nesmith, Karin Sterling, or Marie Grace Sterling or medical payments coverage to Robin Smith for the incident described in the Underlying Complaint or any claims arising out of that incident.

**WHEREFORE**, Nationwide prays that the Court inquire into these matters and make the following declarations:

A. That the Policy does not provide coverage for the above-described incident and injuries;

B. That Nationwide has no duty to provide a defense for Anne Nesmith, Karin Sterling, or Marie Grace Sterling for the Underlying Complaint and no duty to indemnify them for any damages awarded against them arising out of the Underlying Complaint;

C. That Nationwide has no duty to pay any amounts under Coverage F – Medical Payments; and

D. For such other relief as the court may deem just and proper.

MURPHY & GRANTLAND, P.A.

*s/Wesley B. Sawyer*
Wesley B. Sawyer, Esquire (Fed Bar No. 11244)
P.O. Box 6648
Columbia, South Carolina 29260
(803) 782-4100
wsawyer@murphygrantland.com
Attorneys for the Plaintiff

Columbia, South Carolina
May 27, 2022